| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| GLORIA T. POLIDORE, | § |
| | § |
| Plaintiff, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 1:15-CV-297 |
| | § |
| CAROLYN W. COLVIN, | § |
| COMMISSIONER OF SOCIAL | § |
| SECURITY ADMINISTRATION, | § |
| | § |
| Defendant. | § |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be affirmed. The Plaintiff filed timely objections to the magistrate judge's Report and Recommendation. The court, therefore, must conduct a *de novo* review of the objections in relation to the pleadings and the applicable law. See FED. R. CIV. P. 72(b).

### I. OBJECTIONS

The Plaintiff objects based on a lack of substantial evidence, arguing that the Administrative Law Judge failed to properly consider and incorporate limitations caused by her alleged carpel tunnel syndrome. This objection echoes the arguments raised in her original briefing.

The court finds that the Plaintiff's objections should be overruled. First, although Polidore exhibited positive Tinel's and Phalen's signs, which are indicative of carpel tunnel syndrome, she has never been diagnosed with carpel tunnel syndrome nor treated for any symptoms relating to

carpel tunnel syndrome. Second, there is no objective medical evidence to support a finding that she is constrained in the use of her hands or arms.[1] In fact, the contrary is true–the objective tests contained within the medical record reveal that she has full strength and intact sensation in the upper extremities, and the State agency physician who reviewed the report opined that Polidore has no manipulative limitations. (Tr. 58, 207.) Furthermore, in January 2010, Polidore denied hand numbness, dysesthesia and paresthesia, and the medical record contains no complaints concerning the use of her hands after June 2010. (Tr. 187.) The magistrate judge correctly found no objective evidence in the medical record to support Polidore's claim that she cannot perform the reaching, fingering, or handling requirements of the jobs identified by the vocational expert. Accordingly, the Plaintiff's objections should be overruled. See Brown v. Colvin, No. 1:15CV262-CSC, 2016 WL 3457023, at *3–4 (M.D. Ala. June 23, 2016) ("There is simply no evidence that the early degenerative changes in [the Plaintiff's] hands impair his ability to work such that the limitations recognized in the ALJ's residual functional capacity determination are insufficient.")

## II. ORDER

The court considered the report and recommendation filed on July 11, 2016 (Dkt. No. 17), the Plaintiff's Objections (Dkt. No. 18), and the record, pleadings, and all available evidence. The magistrate judge recommends affirming the Commissioner's decision to deny benefits. After careful

---

[1] Disability benefits are awarded only for "impairments" that render a person unable to engage in any substantial gainful activity for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505 (2012). The impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by subjective statements. 20 C.F.R. § 416.908 (2010).

consideration, the court **OVERRULES** the Plaintiff's objections to the magistrate judge's report, **ACCEPTS** the magistrate judge's recommendation, and **AFFIRMS** the Commissioner's denial of benefits.

SIGNED at Plano, Texas, this 6th day of September, 2016.

*[signature: Marcia A. Crone]*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE